# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

BRAND COUPON NETWORK, LLC                      CIVIL ACTION

VERSUS

CATALINA MARKETING CORP.,            NO.: 11-00556-BAJ-RLB
ET AL.

## RULING AND ORDER

Before the Court are **Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 48)** and **Defendant's Motion to Stay Discovery (Doc. 37)**, seeking an order dismissing Plaintiff's Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and requesting that the Court stay discovery until resolution of Defendant's Motion to Dismiss. Plaintiff opposes Defendant's Motion to Dismiss. (Doc. 50). Defendant has been denied leave to file a reply memorandum in response to Plaintiff's Opposition. (Doc. 53). Oral argument is not necessary. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND

On July 7, 2011, Plaintiff Brand Coupon Network, LLC ("Brand Coupon") filed a Petition in the Nineteenth Judicial District Court, Parish of East Baton Rouge, for Damages and Injunctive Relief against Defendant Catalina

Marketing, Inc. d/b/a CouponNetwork.com ("Catalina"), as well as against three of Catalina's agents and representatives: Pamela Samniego, Joe Henson, and L. Dick Buell. (Doc. 1-3). Brand Coupon asserted claims of (1) detrimental reliance; (2) unjust enrichment; (3) unfair trade practices, (4) trade secret violation; (5) trademark infringement; (6) breach of loyalty, good faith, and fair dealing; and (7) tortious conduct. The matter was removed to this Court on a basis of diversity jurisdiction under 28 U.S.C. § 1441. (*See id.*). Ruling upon a Rule 12(b)(6) Motion to Dismiss filed on behalf of all defendants, (*see* Doc. 3), the Court dismissed all claims, finding that they were either time-barred, insufficiently pleaded, or failed to show an established legal duty owed by the individual defendants to Brand Coupon, (Docs. 17–18).

On appeal, the Fifth Circuit Court of Appeals affirmed this Court's dismissal of Pamela Samniego, Joe Henson, and L. Dick Buell as defendants in their individual capacities. (Doc. 33 at pp. 8–9). The Court of Appeals, however, found that this Court erred in ruling several of Brand Coupon's claims as time-barred, for this Court had considered an affidavit outside of the pleadings and not referred to therein. (*Id.* at p. 8). Plaintiff/Petitioner Brand Coupon did not challenge this Court's dismissal of its trade secret claim as insufficiently pleaded. (*Id.* at p. 3 n.1). The case was remanded to this Court in April 2014 to "conduct such proceedings as it determines to be necessary to ascertain whether a triable issue of fact exists regarding the timeliness of [Brand Coupon]'s claims,

possibly including additional discovery and amended or additional pleadings." (*Id.* at p. 7).

On June 10, 2014, Defendant Catalina, the only remaining defendant from the original petition, filed the instant Motion to Stay Discovery in anticipation of its forthcoming Motion to Dismiss. (Doc. 37).

On July 11, 2014 Brand Coupon filed its First Amended Complaint, alleging five counts in connection with Catalina's entry into the internet coupon market: (1) detrimental reliance; (2) unjust enrichment; (3) unfair trade practices under La. R.S. 51:1401, *et seq.*; (4) trademark infringement under La. R.S. 51:211, *et seq.*; and (5) tortious conduct under La. C.C. art. 2315. (*See* Doc. 44). On August 28, 2014, Catalina filed the instant Motion to Dismiss Plaintiff's First Amended Complaint, arguing that Brand Coupon had failed to sufficiently allege the necessary elements of each claim under the required pleading standards pursuant to Rule 12(b)(6). (Doc. 48).

## II.  STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states

a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (*Twombly*, 550 U.S. at 556). The complaint need not allege specific facts, but need only "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and quotation marks omitted).

Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

The Supreme Court has noted that Rule 12(b)(6) requires dismissal whenever a claim is based on an invalid legal theory:

> Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory, or on a close but ultimately unavailing one.

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (quotation marks and internal citations omitted). However, "[f]ederal pleading rules . . . do not countenance

dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, ___, 135 S. Ct. 346, 346 (2014) (per curiam).

## III. DISCUSSION

The First Amended Complaint ("Complaint") alleges violations of state law. Evaluating each claim separately, the Court will assess whether Brand Coupon's claims survive Catalina's Motion to Dismiss.

### 1. Detrimental Reliance

Catalina asserts that Brand Coupon has not alleged sufficient facts to maintain its claim for detrimental reliance in Count I. Under the Louisiana Civil Code,[1] "[a] party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying." La. C.C. art. 1967. "To establish detrimental reliance, a party must prove three elements by a preponderance of the evidence: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance." *Suire v. Lafayette City-Parish Consol. Gov't*, 907 So. 2d 37, 59 (La. 2005). "Louisiana cases make clear that recovery for detrimental reliance is not limited to oral promises; the detrimental reliance doctrine applies to

---

[1] In its Complaint, Brand Coupon did not cite a specific provision in the Louisiana Civil Code, but the theory of detrimental reliance is codified at La. C.C. art. 1967. "Mere technical defects in a pleading do not provide a basis for dismissal." *Jones v. State of La. Through Bd. of Trs. for State Colls. & Univs.*, 764 F.2d 1183, 1185 (5th Cir. 1985). Mere failure to cite the correct statute will not preclude a plaintiff from asserting recovery under that statute so long as the complaint gives the defendant fair notice as to the nature of the claims.

representations made by word or by conduct." *Dorsey v. N. Life Ins. Co.*, 2005 WL 2036738, at *23 (E.D. La. Aug. 15, 2005) (*Babkow v. Morris Bart, P.L.C.*, 726 So.2d 423, 427 (La. Ct. App. 1998)).

In its Complaint, Brand Coupon alleges:

In reliance upon Samniego and Henson's representations of confidentiality, [Brand Coupon's CEO] Abraham shared with Samniego and Henson confidential information relative to the internet coupon industry and [Brand Coupon]'s strategies and business plans . . . . Samniego and Henson provided assurances regarding confidentiality in order to have Abraham divulge information that he would not have disclosed to direct competitors. Samniego and Henson also concealed Catalina's plans to make a foray into the internet coupon industry in order to compete directly with Brand Coupon Network.

(Doc. 44 at ¶¶ 2.13, 2.15). Catalina argues that Brand Coupon's references to "representations" and "assurances" are vague and conclusory. In support of its argument, Catalina directs this Court to several decisions from this Court and its sister court of the Eastern District of Louisiana which have dismissed detrimental reliance claims pursuant to Rule 12(b)(6) motions, for failure to sufficiently plead representations by conduct or word. In each of these cases, the pleadings of the alleged representations fell short of the level of specificity present in the instant Complaint. *See, e.g., Mose v. Keybank Nat'l Ass'n*, 2011 WL 3204451, at *4 (M.D. La. July 26, 2011), *aff'd*, 464 F. App'x 260 (5th Cir. 2012) (complaint alleged "tacit endorsement," the representation of which was not made directly to plaintiffs); *Blackstone v. Chase Manhattan Mortg. Corp.*, 802 F. Supp. 2d 732, 739–40 (E.D. La. 2011) (complaint did not identify source of

representation). In contrast, here Brand Coupon clearly identifies the alleged makers of the representation, Catalina's representatives Samniego and Henson, and alleges that they assured the confidentiality of communications between Brand Coupon and these agents of Catalina. Although the Complaint does not specify what precisely was said or done, its allegations exceed the threshold of plausibility on this point of representations, to make out a claim of detrimental reliance.

Catalina further argues that Brand Coupon's reliance on alleged representations was unreasonable as a matter of law. Yet the reasonability of reliance is generally a matter for the trier of fact to resolve. *See Drs. Bethea, Moustoukas & Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 403 (5th Cir. 2004) ("Whether a plaintiff reasonably relied on a promise is generally a fact-bound determination."). In instances in which the Fifth Circuit has found that reliance was unreasonable as a matter of law, the records have demonstrated that the plaintiffs relied on extra-contractual representations in contradiction of an existing unambiguous, fully-integrated written agreement. *See id.*; *Active Mortg., LLC v. Trans Union, LLC*, No. 09-CV-986, 2010 WL 4627730, at *5 (M.D. La. Nov. 4, 2010); *Morris v. Friedman*, 663 So. 2d 19, 25 (La. 1995). In the instant matter, absent an existing contract containing terms contrary to the alleged representation, it is not for the Court to decide at this juncture whether Brand Coupon's reliance was reasonable or not.

Accordingly, Defendant's Motion to Dismiss for failure to sufficiently plead its claim of detrimental reliance is **DENIED**.

## 2. Unjust Enrichment

Catalina argues that Brand Coupon fails to sufficiently allege in Count II Brand Coupon's own lack of fault in its claim for unjust enrichment. Under Louisiana law, a person is liable if he is enriched without cause at the expense of another person.[2] La. C.C. art. 2298. Louisiana courts have established five elements for a claim of unjust enrichment: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and resulting impoverishment; (4) an absence of "justification" or "cause" for the enrichment and impoverishment; and (5) the plaintiff has no other remedy at law. *Minyard v. Curtis Prods., Inc.*, 251 La. 624, 652 (La.1967).

Catalina avers that the Complaint demonstrates that Brand Coupon's voluntary disclosure of confidential information regarding its strategies and business plans to Samniego and Henson was undertaken at Brand Coupon's own risk. "The impoverishment element is met only when the factual circumstances show that the impoverishment was not a result of the plaintiffs' own fault or negligence or was not undertaken at his own risk." *Gray v. McCormick*, 663 So. 2d 480, 487 (La. Ct. App. 1995).

---

[2] Similar to its detrimental reliance claim, Plaintiff did not cite a specific provision in the Louisiana Civil Code for its claim of unjust enrichment. For the same reasons noted above, however, Plaintiff is not barred from relief under the statutory provision La. C.C. art. 2298 due to mere lack of citation in its Complaint.

Courts applying Louisiana law, however, have found the plaintiff at fault for his own impoverishment only when the plaintiff had actual knowledge of circumstances to permit inference that he knew or should know of specific risks associated with his own actions. *See, e.g.*, *Dorsey v. N. Life Ins. Co.*, No. CIV.A. 04-0342, 2005 WL 2036738, at *23 (E.D. La. Aug. 15, 2005) (plaintiffs acted at their own risk when voluntarily providing defendants with client lists in *the face of a written contract* providing that such documents belonged to defendants with no restrictions on use); *Bamburg Steel Bldgs., Inc. v. Lawrence Gen. Corp.*, 817 So. 2d 427, 438–39 (La. Ct. App. 2002) (plaintiff could not claim unjust enrichment based on violation of public bid law when plaintiff voluntarily entered construction contract *with full awareness* of private source of funding); *Gray*, 663 So. 2d at 487 (plaintiffs' loss of property resulted from own failure to act, and plaintiffs' expenditures for property improvements made at own risk, when *record clearly showed plaintiffs' knowledge* that property would only be transferred to them if owners were released from mortgage indebtedness and plaintiffs made no attempts to release owners).

In the instant matter, the Complaint states that Brand Coupon's CEO Abraham would not have divulged the information he did to Samniego and Henson if he knew they were, or were about to become, direct competitors. (Doc. 44 at ¶ 2.15). According to the Complaint, Brand Coupon was mistaken about Catalina's intentions to compete in the internet coupon market when it volunteered to share business information, and Brand Coupon would not have

shared such information had it had knowledge of Catalina's imminent entrance into the same market. Thus, the Court does not find as a matter of law that Brand Coupon's alleged impoverishment was taken at Brand Coupon's own fault or negligence.

Accordingly, Defendant's Motion to Dismiss for failure to sufficiently plead its claim of unjust enrichment is **DENIED**.

### 3. Unfair Trade Practices

Catalina avers that Brand Coupon fails to sufficiently allege underlying misconduct in its claim for Unfair Trade Practices under Louisiana's Unfair Trade Practices and Consumer Protection Laws ("LUTPA"), La. R.S. § 51:1401, *et seq.* LUTPA provides a cause of action to "[a]ny person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice." La. R.S. § 51:1409. The Fifth Circuit has stated that "[t]he real thrust of the LUTPA, modeled after the Federal Trade Commission Act, is to deter injury to competition." *Reingold v. Swiftships, Inc.*, 126 F.3d 645, 653 (5th Cir.1997) (citations omitted). Determinations of what constitutes unfair or deceptive methods, acts, or practices are largely left to courts to adjudge "on a case-by-case basis," although "Louisiana courts have interpreted these terms to include a practice that is unethical, oppressive, unscrupulous, or substantially injurious." *Id.* (citations and internal quotation marks omitted).

Here, in Count III, the Complaint asserts that Catalina, in violation of LUTPA, engaged in the following business acts and practices:

> (a) participation in a conspiracy to defraud Plaintiff, (b) theft of "BRAND COUPON NETWORK" name, identity, goodwill, vendors, and/or customers; (c) misappropriation of Plaintiff's trade secrets; (d) passing off or coercion of their products as "BRAND COUPON NETWORK" products; and (e) conversion of Plaintiff's property.

(Doc. 44 at ¶ 5.3). For various reasons explained herein, each of these claims is insufficiently pleaded *except* the claim of passing off of products.

### i. Conspiracy to Defraud

Where a plaintiff's LUTPA claim is based on alleged fraudulent misrepresentation, the LUTPA claim must meet the heightened pleading requirements of Rule 9(b). *See Pinero v. Jackson Hewitt Tax Serv. Inc.*, 594 F. Supp. 2d 710, 721 (E.D. La. 2009); Fed. R. Civ. P. 9(b) ("[A] party must state with particularity the circumstances constituting fraud."). Courts, interpreting Rule 9(b), find a fraud complaint sufficient when it specifies "the time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009) (quotation marks omitted). The Fifth Circuit "interprets Rule 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (quotation marks omitted). "The who,

what, when, where, and how" must be laid out. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003), *opinion modified on denial of reh'g*, 355 F.3d 356 (5th Cir. 2003).

Here, the Complaint asserted that on April 27, 2010, Catalina representatives, Samniego and Henson, met with Brand Coupon's representative, Abraham. (Doc. 44 at ¶ 2.11). It alleged that, in that meeting, Abraham relied on Samniego and Henson's "representations of confidentiality" to share with them "confidential information relative to the internet coupon industry." (Doc. 44 at ¶ 2.13). It further alleged that Samniego and Henson provided "assurances regarding confidentiality" to induce Abraham to disclose information and "concealed Catalina's plans to make a foray into the internet coupon industry." (*Id.* at ¶ 2.15).

Although the Court rules herein, *supra*, that the alleged representations of confidentiality made by Catalina, as pleaded by Brand Coupon, are sufficient to state a claim for detrimental reliance, the Complaint does not meet the heightened pleading standards for fraud, which are strictly interpreted in the Fifth Circuit. In addition to not specifying *where* the alleged representations took place, the Complaint does not sufficiently state, for the purposes of a fraud claim, *what* representations were made regarding confidentiality. The Complaint does specify whether the statements were oral, written, or nonverbal and it does not plead with particularity the content of the statements that

produced "representations of confidentiality" or "assurances regarding confidentiality."

Furthermore, the LUTPA claim contains a bare assertion of "conspiracy" without specifying anywhere in the Complaint the alleged participants in the conspiracy. There is but one defendant in this matter: Catalina. To the extent that the Complaint identifies officers or employees of Catalina, the LUTPA claims against these officers or employees in their individual capacities were dismissed in a prior ruling by this Court, for failing to establish that the individuals acted beyond the scope of their role as agents and employees for Catalina. (Doc. 17 at pp. 11–12). These dismissals were affirmed upon appeal. (Doc. 33 at pp. 10–11). Thus, conspiracy to defraud has not been alleged with sufficient particularity and must be dismissed.

### ii. *Theft/Conversion of Property*

The Complaint alleges that Catalina violated LUTPA by committing theft of Brand Coupon's name, identity, goodwill, vendors, and/or customers, as well as by committing conversion of Brand Coupon's property.

Conversion, or civil theft, is the commission of a wrongful act of dominion over the property of another in denial of or in a manner inconsistent with the owner's rights. *Junior Money Bags, Ltd. v. Segal*, 970 F.2d 1, 11 (5th Cir. 1992) (citation omitted). Louisiana laws limit the scope of conversion to that concerning personal property, which does not include business relationships. *See Union Sav. Am. Life Ins. Co. v. N. Cent. Life Ins. Co.*, 813 F. Supp. 481, 493 (S.D.

Miss. 1993) (*Navratil v. Smart*, 400 So. 2d 268, 276 (La. Ct. App. 1981), *writ denied*, 405 So. 2d 320 (La. 1981)); *see also Dual Drilling Co. v. Mills Equip. Invs., Inc.*, 721 So. 2d 853, 857 (La. 1998) (conversion requires unlawful interference with *chattel*).

This Court acknowledges that sister U.S. District courts within the Fifth Circuit, when interpreting Texas's conversion law, which is defined similarly to Louisiana's, have recognized claims for conversion of intangible property interests. *See, e.g.*, *Alliantgroup, L.P. v. Feingold*, 803 F. Supp. 2d 610, 626–27 (S.D. Tex. 2011). Even so, however, the courts interpreting Texas law have found valid conversion claims for intangible property interests only "where the underlying intangible right has been merged into a document, such as a customer list." *Id.* Even if this Court were to consider the non-binding authority of courts interpreting Texas law, the Complaint contains no mention of any document or writing, such as customer lists or vendor lists or contracts, belonging to Brand Coupon and converted by Catalina.

Brand Coupon's claims of theft and conversion under LUTPA have not been alleged with sufficient plausibility and must be dismissed.

### iii. Misappropriation of Trade Secrets

Furthermore, Brand Coupon has not sufficiently pleaded the existence of trade secrets, much less their misappropriation. In a prior ruling in this matter, this Court dismissed Brand Coupon's trade secrets violation claim under the

Louisiana Uniform Trade Secrets Act ("LUTSA"). In explaining this dismissal, this Court found:

> There are no allegations within the Complaint from which it could be inferred that Plaintiff made any effort to maintain secrecy with regard to Plaintiff's "trade secrets" vis-à-vis the Defendants. Plaintiff has proffered no evidence that a trade secret exists, except for Plaintiff's website name (record citation omitted). This Court does not recognize the secrecy in Plaintiff's website name or website design, as they are freely viewable to any individual with an internet connection.

(Doc. 17 at p. 17). Brand Coupon did not challenge the dismissal of the trade secrets violation claim on appeal, and the amended Complaint does not correct the deficiencies of Brand Coupon's initial complaint. Thus, Brand Coupon has not sufficiently pleaded misappropriation of trade secrets under LUTPA and the claim must be dismissed.

### iv.  Passing Off of Products

"A party is prohibited from 'passing off' its product as those of a competitor by employing a substantially similar trade dress which is likely to confuse consumers as to the source of the product." *KV Pharm. Co. v. Medecor Pharma, L.L.C.*, 354 F. Supp. 2d 682, 686 (E.D. La. 2003). To prevail on this claim, Brand Coupon must establish that its "trade dress is entitled to protection because it is distinctive or has acquired a secondary meaning." *Id.* The elements of a passing off claim are "nearly identical" to those of a trademark infringement claim. *Nola Spice Designs, LLC v. Haydel Enters. Inc.*, 969 F. Supp. 2d 688, 703 (E.D. La. 2013). Because the Court finds that Brand Coupon has stated a plausible claim

of trademark infringement under Louisiana Trademark Law, *infra*, the Court finds that Brand Coupon has stated a plausible claim of "passing off."

Accordingly, Catalina's motion to dismiss is **DENIED** with respect to the claim of passing off of product, pursuant to LUTPA. Catalina's motion to dismiss is **GRANTED** with respect to the claims of conspiracy to defraud, theft, conversion, and misappropriation of trade secrets.

### 4. Trademark Infringement/Dilution

Catalina asserts that in Count IV, Brand Coupon has not sufficiently alleged trademark infringement or dilution under the Louisiana Trademark Law ("LTL"), La. R.S. § 51:211, *et seq.* The LTL's anti-infringement clause provides that a person shall be liable for the unconsented use of any "colorable imitation of a mark registered under this Sub-part in connection with . . . advertising of any goods or services on or in connection with which such use is likely to cause confusion or mistake or to deceive as to the source of origin of such goods or services." La. R.S. § 51:222. Plaintiff has not alleged that it registered "Brand Coupon Network" as a trade name with the Louisiana Secretary of State pursuant to the LTL, or with the U.S. Patent and Trademark Office. However, required showings for trademark infringement under Louisiana state law mirror those under the federal Lanham Act, *see Prudhomme v. Procter & Gamble Co.*, 800 F. Supp. 390, 395 (E.D. La. 1992), and judicial interpretation of federal law is instructive here. Brand Coupon's failure to plead registration of "Brand Coupon Network" as a trade name is not an absolute bar to relief under the

LTL's anti-infringement statute, for courts have afforded some leniency regarding the registration requirement: "While registration may provide a presumption of protection under the [Landham] Act, certain marks will be protected by the courts even if they are not registered. The necessary showing is that the mark be either 'distinctive,' or have acquired a secondary meaning." *Id.* at 395. Secondary meaning may be demonstrated when "words with an ordinary or primary meaning of their own, may, by long use with a particular product, service or business, come to be known by the public as specifically designating that particular product." *Gulf Coast Bank v. Gulf Coast Bank & Trust Co.*, 652 So. 2d 1306, 1314 (La. 1995).

In addition to the LTL's anti-infringement clause, an anti-dilution clause provides: "Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered." La. R.S. § 51:223.1. The LTL anti-dilution statute requires distinctiveness, not fame. *Advantage Rent-A-Car, Inc. v. Enter. Rent-A-Car, Co.*, 238 F.3d 378, 381 (5th Cir. 2001).[3]

---

[3] Louisiana courts have not yet addressed whether the distinctiveness element required for dilution claims differs from the distinctiveness element required for trademark infringement claims under the LTL:

> The Supreme Court of Louisiana has followed federal Supreme Court precedent in interpreting the state's distinctiveness requirement to mean that the mark must either be inherently distinctive or have acquired distinctiveness through secondary meaning in the context of trademark infringement, but it has not made clear whether these requirements extend to dilution cases.

Brand Coupon was established as a limited liability company in 2004. (Doc. 44 at p. 1). The Complaint alleges that prior to Catalina's entry into the internet coupon industry in 2010 under the name CouponNetwork.com, there were only four major participants in the market: Brand Coupon, Invenda, Coupons.com, and Smartsource.com. (Doc. 44 at ¶ 2.21). Brand Coupon also states that it had "gained name recognition and identity in the internet coupon industry" since its inception, (*Id.* at ¶ 2.3), and that "[Brand Coupon]'s business name and identity became confused with Catalina's," (*Id.* at ¶ 2.26). From the pleaded facts, it is plausible that the "Brand Coupon Network" mark had acquired distinctiveness or secondary meaning in the industry comprised of four main competitors, during the six years Brand Coupon was in operation before Catalina entered the market. Furthermore, it is plausible that the facial similarity between Plaintiff's "Brand Coupon Network" and Defendant's "Coupon Network" websites was likely to confuse coupon consumers and clients as to the origin and nature of the coupon services.

Accepting the veracity of Brand Coupon's well-pleaded factual allegations, the Court finds that they plausibly give rise to an entitlement to relief under the LTL anti-infringement or anti-dilution statutes. Accordingly, Catalina's Motion to Dismiss for Plaintiff's failure to sufficiently plead its claim of infringement is **DENIED**.

---

*Advantage Rent-A-Car,* 238 F.3d at 381 (citations omitted).

**5. Tortious Conduct**

Lastly, Catalina argues that Brand Coupon has not sufficiently alleged the necessary elements of its tortious conduct claims under La. C.C. art. 2315, which contains the general authority for recovery for damages arising in tort offenses: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

Count V of the Complaint claims that Catalina's acts constitute "intentional torts and predatory business practices based on fraud, conversion and contract." (Doc. 44 at ¶ 8.3).[4] Catalina contends that the Complaint also appears to allege tortious interference with business relations and similarly argues that this claim is insufficiently alleged. In evaluating Brand Coupon's claims for fraud, conversion, and interference with business relations under article 2315, the Court finds all such claims insufficiently pleaded for the reasons explained herein.

*a. Fraud*

Catalina asserts that the Complaint fails to allege fraud with required particularity under Rule 9(b) and that, to the extent that Brand Coupon alleges fraud based on unfulfilled promises of confidentiality, such allegations are not actionable as fraud. For the reasons discussed regarding Brand Coupon's claim

---

[4] Plaintiff enumerates "contract" as a source of its cause of action under article 2315, although the face of the Complaint does not reference any specific contract, nor does it attempt to explain why or how a tort remedy would be appropriate for a contract claim. No mention of tortious interference regarding intentional interference with contract appeared in either Catalina's Motion to Dismiss or Brand Coupon's Response in Opposition. Accordingly, the Court declines to address the point here.

of fraud under LUTPA, *supra*, Brand Coupon has failed to allege with requisite particularity the tort of fraud based on Catalina's alleged misrepresentations of confidentiality.

Another potential cause of action under article 2315 is similarly foreclosed to Brand Coupon. Brand Coupon's assertion that Samniego and Henson "concealed Catalina's plans," (Doc. 44 at ¶ 2.15), may appear to allege the tort of negligent misrepresentation under article 2315, which applies in both nondisclosure and misinformation cases. *See Soc'y of Roman Catholic Church of Diocese of Lafayette, Inc. v. Interstate Fire & Cas. Co.*, 126 F.3d 727, 742 (5th Cir. 1997). Yet nowhere does the Complaint identify negligent misrepresentation as a cause of action and, beyond that, such a claim would fail because it requires a showing that the person committing the tort "has a legal duty to supply correct information." *Id.* (*Barrie v. V.P. Exterminators, Inc.,* 625 So.2d 1007 (La.1993)). Brand Coupon has not alleged any facts indicating that Samniego and Henson had a legal duty to tell Abraham or Brand Coupon about Catalina's plans to enter the internet coupon industry.

Thus, the Complaint does not allege with sufficient particularity the tort of fraud, either for misrepresentation of confidentiality or for concealment of information, and must be dismissed.

### b.  *Conversion*

Catalina argues that the Complaint fails to allege conversion, one of the acts contemplated by article 2315. In Count V, the Complaint alleges that Brand

Coupon has suffered, *inter alia*, loss of business, loss of net worth, loss of future profit, loss of reputation, and loss of business opportunity. (Doc. 44 at ¶ 8.4). As discussed regarding Brand Coupon's claims for theft and conversion under LUTPA, *supra*, Louisiana laws limit the scope of conversion to that of personal property. The speculative losses enumerated in Count V of the Complaint do not constitute personal property. The Complaint fails to identify any property interest of Brand Coupon's over which Catalina assumed control. Thus, the Complaint does not state a plausible claim for conversion under article 2315 and the claim must be dismissed.

### c. *Tortious Interference with Business*

In addition, Catalina notes that the Complaint appears to allege tortious interference with business relations and similarly argues that this claim is insufficiently alleged. Louisiana law recognizes a cause of action under article 2315 for tortious interference with business. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 601 (5th Cir. 1981). The law protects businesses from "malicious and wanton interference," permitting only interferences intended to protect a legitimate interest of the actor. *Id.* (citations omitted). A plaintiff bringing suit for tortious interference with business must show that the defendant improperly influenced others not to do business with the plaintiff. *Junior Money Bags, Ltd. v. Segal*, 970 F.2d 1, 10 (5th Cir. 1992). "This burden is not satisfied by general allegations of a decrease in business. One party must show that the other actually prevented him from having dealings with an identifiable third party."

*Allstate Ins. Co. v. Cmty. Health Ctr., Inc.*, No. CIV.A. 08-810, 2014 WL 1689701, at *30–31 (M.D. La. Apr. 29, 2014). Additionally, there exists a required element of actual malice, interpreted as approximating "a showing of spite or ill will, which is difficult (if not impossible) to prove in most commercial cases in which conduct is driven by the profit motive, not by bad feelings." *JCD Mktg. Co. v. Bass Hotels & Resorts, Inc.*, 812 So. 2d 834, 841 (La. Ct. App. 2002).

Here, according to the Complaint, Catalina sought "to acquire [Brand Coupon]'s market share through the use of deceptive and unfair tactics," and "Catalina's actions resulted in confusion among the consumer packaged goods manufacturers" with whom Brand Coupon partnered. (Doc. 44 at ¶¶ 2.21, 2.27). The Complaint, however, fails to set forth specific facts to show that Catalina improperly influenced any identifiable consumer packaged goods manufacturers or other third parties to prevent them from doing business with Brand Coupon. Nor does the Complaint show that Catalina exhibited malice in allegedly taking market share from Brand Coupon. Because Brand Coupon has not sufficiently pleaded tortious interference, the Court must dismiss the claim.

Accordingly, Defendant's motion to dismiss Count V of the Complaint, alleging Tortious Conduct under La. C.C. art. 2315 is **GRANTED**, and the claims shall be ordered **DISMISSED WITH PREJUDICE**.

## IV.   MOTION TO STAY DISCOVERY

On June 10, 2014, Catalina moved to stay discovery until after resolution of the instant Motion to Dismiss. (Doc. 37). Considering the rulings herein which

resolve all issues raised in Catalina's Motion to Dismiss, this Motion to Stay Discovery is now moot and shall be denied as such.

## V.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Catalina's **Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 48)** is **DENIED IN PART and GRANTED IN PART**, consistent with the rulings herein. Specifically, the motion is denied for Counts I, II, and IV, and granted for Count V. Defendant's motion to dismiss Count III is denied with respect to the claim of passing off, and granted with respect to the claims of conspiracy to defraud, theft, conversion, and misappropriation of trade secrets.

**IT IS FURTHER ORDERED** that Plaintiff Brand Coupon's Count V for Tortious Conduct is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant Catalina's **Motion to Stay Discovery (Doc. 37)** is **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 24th day of November, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**