UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRAND COUPON             CIVIL ACTION
NETWORK, LLC

VERSUS                   NO. 11-556-BAJ-RLB

CATALINA MARKETING, INC.

# ORDER

Before the Court is the parties' Joint Motion to Amend the Scheduling Order under Rule 16(b)(4) of the Federal Rules of Civil Procedure. (R. Doc. 62). Specifically, the parties are requesting a one to two month extension of the deadlines related to fact discovery, expert disclosures, expert discovery and dispositive motions.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To establish "good cause" under Rule 16(b)(4), the parties must show that "despite acting diligently," they are still unable to meet their upcoming deadlines. *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 492 (S.D. Tex. 2009). The Court's Scheduling Order makes clear that any showing of good cause "must be supported with information describing the discovery already completed, what necessary discovery remains, the parties' efforts to complete the remaining discovery by the deadline," and any other information showing the parties acted diligently. (R. Doc. 58 at 3). Considering the applicable standard, the Court finds the parties have established good cause to warrant some modification of the Scheduling Order, but not to the extent requested.

Here, the parties explain that their "delay" in completing discovery resulted from "significant attorney turnover within the firms representing the parties" and that "[c]ounsel previously responsible for significant aspects of the litigation are no longer associated with the case." (R. Doc. 62 at 1). "To date," the parties indicate, "paper discovery has been conducted, but depositions still need to be taken." (R. Doc. 62 at 1).

The Court finds these representations insufficient to warrant the one to two month modifications requested. Although the parties claim that there has been "significant" turnover of attorneys involved in this case, this is not supported by the record. The Court entered the current Scheduling Order deadlines on December 15, 2014 (R. Doc. 58), which were based on dates suggested by the parties. (R. Doc. 56). Since that time, there has only been one change in counsel of record for any party — on May 26, 2015 the Court granted Defendant's Motion to withdraw one of its attorneys as counsel of record. (R. Doc. 61). Beyond that, neither the record nor the Motion supports the parties' contention that "significant" attorney turnover has thwarted their otherwise diligent discovery efforts.

The parties also claim that while "paper discovery" has been conducted, "depositions need to be taken." (R. Doc. 62 at 1).[1] But the parties have not been specific as to what discovery has been conducted and what discovery remains. Simply stating that "paper discovery has been conducted, but depositions still need to be taken," is insufficient. The parties have not explained who needs to be deposed, how many depositions they intend to take, or the issues to which these depositions relate. It is also unclear whether any additional paper discovery remains and as to what issues, as well. Finally, the parties did not explain their "efforts to complete the remaining

---

[1] The parties specifically request a one month extension of the deadline for completing fact discovery "pursuant to . . . Rules 33, 34 and 36" of the Federal Rules of Civil Procedure. (R. Doc. 62-1 at 1). Additionally, they seek an additional month to complete "all discovery except experts" (fact discovery) and file discovery-related motions. The Court's original Scheduling Order deadlines did not distinguish between different forms of fact discovery, and the Court will not make that distinction in connection with this Motion.

discovery by the deadline" or why, despite the exercise of due diligence, they were unable to do so. (R. Doc. 58 at 3). For these reasons,

**IT IS ORDERED** that the parties' Joint Motion to Amend Scheduling Order (R. Doc. 62) is **GRANTED in part** and **DENIED in part**.

The deadlines established by the Court's Scheduling Order are modified as follows:

a. Completing **fact** discovery and filing discovery-related **motions**: **August 1, 2015**

   **NOTE**: Any motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice.

b. Identifying **experts** and providing **expert resumes**:

   Plaintiff(s): **September 1, 2015**

   Defendant(s): **October 1, 2015**

c. Providing **expert reports**:

   Plaintiff(s): **September 1, 2015**

   Defendant(s): **October 1, 2015**

d. Completing **expert** discovery: **November 16, 2015**

e. Filing **dispositive** and *Daubert* motions: **December 16, 2015**

Signed in Baton Rouge, Louisiana, on June 23, 2015.

_____
　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**